## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANNIA

JOE HAND PROMOTIONS, INC.,

        *Plaintiff,*

    v.

DOM'S PIZZERIA, INC. *doing business as*
DOM'S PIZZERIA and DOMINIC A.
PECORA,

        *Defendants.*

Civil Action No. 2:23-cv-111

Hon. William S. Stickman IV

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

    Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") brought an action against Defendants Dom's Pizzeria, Inc. d/b/a Dom's Pizzeria and Dominic A. Pecora ("Dom's Pizzeria") for violating the Communications Act of 1934, as amended, 47 U.S.C. §§ 605 and 553. (ECF No. 1, p. 2). Dom's Pizzeria filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint ("motion"). (ECF No. 7, p. 1). For the following reasons, the motion will be denied.

### I.   FACTUAL BACKGROUND

    Joe Hand held the exclusive commercial distribution rights to the production of *Ultimate Fighting Championship® 257: Poirier vs. McGregor 2*—including all undercard bouts and commentary—telecast nationwide on January 23, 2021 (hereinafter "Program"). (ECF No. 1, p. 1). Upon information and belief, Joe Hand alleges that Dom's Pizzeria, a Pennsylvania corporation, did not contract with it or pay a fee to obtain the proper license or authorization, nor did Joe Hand give Dom's Pizzeria license, permission, or authority, to receive and exhibit the Program in its establishment. (*Id.* at 1-2). Dom's Pizzeria, allegedly, willfully intercepted or

received the interstate communication of the Program or assisted in such actions. (*Id.* at 3). Then, it is alleged, that Dom's Pizzeria unlawfully transmitted, divulged and published said communication, or assisted in unlawfully transmitting, divulging, and publishing said communication, to patrons in its establishment. (*Id.*)

## II.    STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a

plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III.   ANALYSIS

Joe Hand, in its complaint, seeks damages from Dom's Pizzeria's for alleged violations of 47 U.S.C. §§ 553 and 605. For Joe Hand to satisfy the elements that establish Dom Pizzeria's liability under Sections 553 and 605, it must demonstrate "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication." *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018). Moreover, Joe Hand has the burden of proving that Dom's Pizzeria supervised or has the right and ability to supervise the activity at issue—even though Dom's Pizzeria need not actually supervise or have actual knowledge of the activity—and Dom's Pizzeria must have a direct financial interest in the violation. *Id.*

The Cable Communications Policy Act of 1984, 47 U.S.C. § 605, is designed for the protection of communications, such as television signal transmissions via satellite. Section 605(a) states, in part, that:

> [N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving [. . .]. No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.

47 U.S.C. § 605(a). Section 553(a)(1) provides standards for unauthorized reception of cable services stating that "no person shall intercept or receive or assist in intercepting or receiving any

communications service offered over a cable system, unless specifically authorized to do so by a

cable operator or as may otherwise be specifically authorized by law." 47 U.S.C.A. § 553(a)(1).

Sections 553 and 605 have been applied to situations like the one at bar in many cases. In

*Joe Hand Promotions, Inc. v. Rennard St. Enterprises, Inc.*, 954 F. Supp. 1046 (E.D. Pa. 1997),

the district court explained the application of the various sections of the Act to the types of

broadcasts it covers:

> If the broadcast is a 'radio communication' because it originated from a satellite
> transmission, then Section 605 will hold any person who publishes the broadcast
> liable. If, on the other hand, the broadcast is a 'wire communication' because it is
> distributed over a coaxial cable network, then only Section 553 will hold non-
> communication personnel who publish the broadcast liable. If, however, the
> broadcast is both a 'radio communication' and a 'wire communication,' then the
> publisher of the cable broadcast is liable under both Sections 553 and 605. It is this
> dilemma which has been at the forefront of the federal courts' current debate about
> the application of Section 553 and 605 to cable television broadcasts.

*Id.* at 1052.

In a 2013 decision similar to this case, *Joe Hand Promotions, Inc. v. Caddyshanks, LLC*,

No. 8:12-cv-2675, 2013 WL 869527 (M.D. Fla. Mar. 7, 2013), Joe Hand alleged that the defendant

broadcasted—by unlawful interception—the UFC 119: *Mir v. Cro Cop Broadcast*. Joe Hand had

contracted the right to distribute the broadcast at issue. In response to the complaints brought

against the defendant, regarding 47 U.S.C. §§ 553 and 605, the defendants asserted that both

complaints failed to state a claim for relief under Rule 12(b)(6). *Id.* at *3. The district court found

that the allegations set forth by Joe Hand were sufficient to withstand the defendant's motion to

dismiss. The district court explained that "Section 605 is designed to protect a broad array of

communications, including television signal transmissions via satellite." *Id.* at *3 (citations

omitted). It noted that Section 605 is a "broad umbrella," and the fact that Joe Hand alleged that

the broadcast "originated via satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal" was sufficient to state a claim under this section. *Id.*

In *J & J Sports Productions, Inc. v. Nguyen*, No. 13-CV-02008-LHK, 2014 WL 60014 (N.D. Cal. Jan. 7, 2014), the defendant filed a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff alleged that after securing exclusive nationwide rights to distribute the broadcast of the "Floyd Mayweather, Jr. v. Miguel Cotto, WBA Super World Light Middleweight Championship Fight Program (the 'Program')," Defendant—an officer of Brittania Arms Pub & Restaurant, Inc.—"unlawfully intercepted and exhibited the Program at their commercial establishment [...] without Plaintiff's authorization." *Id.* at *1. The plaintiff further alleged that the unlawful exhibition of the Program resulted in increased profits for the restaurant. The plaintiff filed a complaint against the defendant for violations of both 47 U.S.C. §§ 553 and 605. The district court decided, in reference to the Rule 12(b)(6) motion, that the plaintiff's complaint included "sufficient factual allegations to state a claim for violations of both these statutory sections." *Id.* at *4. The district court reached this conclusion because the plaintiff identified the broadcast program that had been unlawfully intercepted by the defendants, and that the alleged interception and showing of the program occurred at the defendant's restaurant. *Id.* The plaintiff also alleged the date that the interception occurred, that they did not authorize the defendant to show this program at the restaurant, and that the defendants willfully intercepted the program. The only information not made specifically available was the device (cable or satellite) by which the defendant intercepted the Program. *Id.* Taking the aforementioned information into account, the district court found that the allegations adequately stated claims under both Sections 605 and 553, stating, "'[n]othing more is or should be required to state a claim under § 553 and § 605.'" *Id.* at 4 (citing *Joe Hand Promotions, Inc. v. Lynch*, 822 F. Supp. 2d 803, 806 (N.D. Ill. 2008)).

The United States District Court for the Eastern District of Pennsylvania heard a similar case in 1997. The plaintiff, Joe Hand Promotions, brought an action against defendant Rennard Street Ents. for violating 47 U.S.C. §§ 553 and 605. *Joe Hand Promotions, Inc. v. Rennard St. Enters., Inc.,* 954 F. Supp. 1046 (E.D. Pa. 1997). The defendant moved to dismiss for failure to state a claim under Rule 12(b)(6). The district court ultimately granted the defendant's motion to dismiss because the plaintiff neither specified how the broadcast was being distributed nor identified whether the defendant showed the program from a cable system or from a satellite transmission. *Id.* at 1054. The court explained that "[w]ithout these critical facts, this Court cannot determine from scantly pled allegations of the complaint whether Section 553 or Section 605 affords the plaintiff a cause of action against the defendants." *Id.* at 1055. The Court believes that this case is an outlier because there is a strong trend among district courts that, despite the lack of information specifying how the broadcast was distributed or identified, this type of case should continue to discovery.

*G & G Closed-Cir. Events, LLC. v. Houston Hobby Invs., Inc.*, 59 F. Supp. 3d 781 (N.D. Tex. 2014) resulted in a similar decision as *Joe Hand Promotions v. Rennard St.*, in which the district court determined that the plaintiff's pleadings were insufficient under 47 U.S.C. §§ 553 and 605. The district court found that, "at a minimum, Plaintiff must allege facts that, if proved, would establish that Defendants' interception of the event [...] involved the interception or receipt of a cable communication" and that Plaintiff "merely alleges in conclusory fashion that Defendants intercepted or received an unspecified 'communication' on March 5, 2011, of the event." *Id.* at 785. As a result, the district court found that the plaintiff must amend its complaint because sufficient facts were lacking in the original. *Id.* However, the district court in *J & J Sports Productions, Inc. v. Davies,* No. 15-cv-04272, 2015 WL 4978697 (N.D. Ill. 2015) disagreed.

6

Citing several sources, the district court noted that courts "have found claims sufficient at the motion to dismiss stage despite a plaintiff's failure or inability to allege the exact mechanism by which a program was intercepted." *Id.* at *2.

In another case, *Joe Hand Promotions, Inc. v. Lynch*, 822 F. Supp. 2d 803, 805 (N.D. Ill. 2011), the plaintiff brought a similar action against a defendant for violating 47 U.S.C. §§ 553 and 605. When defendants brought a Rule 12(b)(6) motion to dismiss, the district court denied the motion. The defendants argued that the plaintiff could bring an action for the defendants violating only one of the two statutes, but the district court disagreed. It found that the complaint—asserting a violation of both Sections 553 and 605—was appropriate. *Id.* at 805-06. Particularly, the district court noted that the identification of a particular fact—whether the defendant intercepted the program by satellite or through a cable system—is simply a statement of alternative claims. *Id.* "Allowing discovery of that fact will provide the necessary enlightenment to indicate under which statute the plaintiff should recover." *Id.* at 806. In fact, the court found that the plaintiff gave sufficient information, stating:

> The complaint clearly identifies the broadcast program allegedly misappropriated by Atlantic, [...] the place of the alleged violation, [...] the date of the alleged violation, [...] the existence of a contract establishing Joe Hand's exclusive rights to show the broadcast program, [...] the absence of authorization allowing Atlantic lawfully to show the broadcast program, [...] and the Atlantic's alleged willfulness in misappropriating the broadcast program, [...]. In addition, a reasonable inference from the statutes listed in the complaint is that the broadcast program was misappropriated by satellite or cable. Nothing more is or should be required to state a claim under § 553 and § 605.

*Id.*

A review of the relevant caselaw shows that the decision in *J & J Sports Productions* represents the best way of handling this type of case at the motion to dismiss stage. Only after discovery will a plaintiff need to commit to one theory or another where a complaint is pleading

both a violation of Section 605 and Section 553.  As noted by the Court in *J& J Sport Productions*, "the facts established through discovery will ultimately restrict Plaintiff's claim to one statute or another, and Defendants will thus engage in any settlement negotiations with the knowledge that Plaintiff will not be able to recover under both statutes." *J & J Sports Productions, Inc.*, 2015 WL 4978697, at *3.  In other words, at this stage of the legal process, it is not fatal for a plaintiff not to specify which mechanism of interception was used by the defendant.  *Id.*  Instead, the case should continue into the discovery period to allow the plaintiff to distinguish which mechanism was used, and therefore to commit to one of either Section 605 or Section 553.  *Id.*

In this case, Dom's Pizzeria claims that Joe Hand's complaint is "entirely hollow and devoid of specific facts to the alleged events." (ECF No. 8, p. 2).  However, as has been made clear through the decisions cited above, the only facts that are necessary at the pleading stage to maintain a case alleging violations of 47 U.S.C. §§ 553 and 605 are present in Joe Hand's complaint.  The Program was identified as *Ultimate Fighting Championship® 257: Poirier vs. McGregor*.  (ECF No. 1, p. 1).  The date on which the commercial establishment displayed the Program was given by Joe Hand in the complaint:  it was "telecast nationwide on January 23, 2021." (*Id.*).  Joe Hand portrayed the existence of a contract which gave sole and exclusive distribution rights of the Program to Joe Hand by its averment that Joe Hand has been the sole "domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®." (*Id.* at 3).  Finally, the complaint alleges the absence of authorization for Dom's Pizzeria to broadcast the Program, and its alleged willfulness in broadcasting the program: that it "willfully intercepted or received the interstate communication of the Program or assisted in such actions. Defendants then unlawfully transmitted, divulged and published said communication, or assisted in unlawfully transmitting, divulging and publishing said communication in the Establishment."

(*Id.*).   Consistent with the caselaw cited herein, the fact that Joe Hand did not specify the mechanism Dom's Pizzeria used to broadcast the program is not reason enough for dismissal of the claim under a Rule 12(b)(6) motion.

## IV.   CONCLUSION

For the foregoing reasons, Dom's Pizzeria's motion to dismiss will be denied.  An Order of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

7-26-23
Dated