IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> DOM'S PIZZERIA, INC. *doing business as* DOM'S PIZZERIA and DOMINIC A. PECORA, <br><br> *Defendants.* | Civil Action No. 2:23-cv-111 <br><br> Hon. William S. Stickman IV |

**MEMORANDUM ORDER**

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") brought an action against Dom's Pizzeria, Inc. *doing business as* Dom's Pizzeria and Dominic A. Pecora ("Defendants") for violating the Communications Act of 1934, as amended, 47 U.S.C. §§ 605 and 553. (ECF No. 1). The case was referred to mediation, which was to occur on February 20, 2024. (ECF No. 29). On January 17, 2024, the parties notified the Court that they had reached a settlement. (ECF No. 30). Therefore, the Court terminated all case management deadlines. (ECF Nos. 19 and 31). Having received no stipulation of dismissal, on July 3, 2024, the Court ordered the parties to file a joint status report by July 24, 2024. (ECF No. 32). Plaintiff filed a status report noting that Defendants failed to comply with the signed and executed settlement agreement, and they intended to file a motion to enforce the settlement agreement. (ECF No. 33).

Pending before the Court is Plaintiff's Motion to Enforce Settlement Agreement. (ECF No. 35). It seeks the entry of judgment against Defendants in the amount of $4,500.00. (*Id.* at 2). A briefing schedule was set and Defendants failed to file a response prompting the Court to issue an Order to Show Cause. (ECF Nos. 34 and 36). Defendants failed to respond to the Court's

Order to Show Cause. (ECF No. 36). For the following reasons, the Court will grant Plaintiff's motion and enter judgment against Defendants.

The standard of review for a motion to enforce a settlement agreement is well established.[1] "The stakes in summary enforcement of a settlement agreement and summary judgment on the merits of a claim are roughly the same—both deprive a party of his right to be heard in the litigation." *Tiernan v. Devoe,* 923 F.2d 1024, 1031 (3d Cir. 1991). To prevail on a motion to enforce a settlement, the movant must demonstrate that there are no disputed material facts regarding the terms and existence of the settlement contract. *Id.* at 1031–32. A court "must treat all the non-movant's assertions as true, and 'when these assertions conflict with the movant, the former must receive the benefit of the doubt.'" *Leonard v. Univ. of Del.,* 204 F. Supp. 2d 784, 786 (D. Del. 2002) (quoting *Tiernan,* 923 F.2d at 1032). If material facts are in dispute as to the existence or terms of an agreement to settle, a court should not grant a motion to enforce a settlement agreement without holding an evidentiary hearing. *Tiernan,* 923 F.2d at 1031. By contrast, "no hearing is necessary where there is no dispute as to the existence of a settlement." *Id.* (citing *Petty v. Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988)).

Settlement agreements are construed according to traditional principles of contract law. *Coltec Industries v. Hobgood,* 280 F.3d 262, 269 (3d Cir. 2002) (citing *In Re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000)) ("basic contract principles ... apply to settlement agreements ...."). "Under Pennsylvania law, the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced." *Channel Home Ctrs., Div. of Grace Retail*

---

[1] "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997).

*Corp. v. Grossman,* 795 F.2d 291, 298-99 (3d Cir. 1986) (citations omitted). Additionally, "there must be consideration on both sides." *Id.* "If there are matters yet to be determined about the essential terms of a settlement, there is no agreement to enforce." *Riviello v. First Nat. Cmty. Bank,* No. Civ. A. 3:10-2347, 2013 WL 1348259, *1 (M.D. Pa. Apr. 3, 2013) (citation omitted). However, "[i]t is well established that '[a] settlement agreement is enforceable if it contains all essential terms, even though it expressly leaves other matters for future negotiation.'" *Teva Pharm. Indus., Ltd. v. UnitedHealthcare Servs., Inc.,* No. Civ. 16-4870, 2018 WL 1898911, *15 (E.D. Pa. Apr. 20, 2018) (quoting *Endo Pharms. Inc. v. Mylan Pharms Inc.*, No. 11-717, 2014 WL 2532179, *9 (D Del. June 2, 2014) (applying Pennsylvania law)).

Here, the parties executed a settlement agreement (ECF No. 35-1) that resolved the lawsuit with Defendants paying $6,000.00 at a rate of $500.00 per month, on the 15th of each month, beginning December 15, 2023. The parties filed a settlement notice on January 17, 2024, after Defendants paid the first installment. (ECF No. 35, p. 1). Thereafter, Defendants fell four months behind on their payments. Plaintiff states that "they have received three (3) of the agreed upon payments, leaving Defendants $4,500.00 short of the full settlement payment." (*Id.* at 2). Plaintiff requests that the Court enforce the settlement agreement and enter judgment against Defendants in the amount of $4,500.00. (*Id.*).

The Court examined and analyzed the exhibits submitted by Plaintiff, which includes the settlement agreement that was fully executed. There is no dispute that there was a settlement as of January 2024. Plaintiff has established that the parties reached a meeting of the minds on "all essential terms" of the settlement agreement, and that Defendants have already paid $1,500.00 of the agreed $6,000.00 settlement amount. An enforceable settlement agreement exists. The Court will issue judgment by separate order to follow in the amount of $4,500.00.

AND NOW, this __20__ day of September 2024, IT IS HEREBY ORDERED that Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 35) is GRANTED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE